SAMUEL CLIFFORD *vs.* THE STATE OF MARYLAND.

## *Definiteness of Judgment of Service in the Penitentiary.*

The failure of the Court, in sentencing a convict to the Penitentiary for a term of years, to fix the time at which the execution of the sentence is to begin or end, does not avoid the judgment, or entitle the prisoner to be discharged.

In order to satisfy the judgment of the Court, it is necessary that the convict should actually serve in the Penitentiary the length of time specified in the sentence; and inasmuch as the Warden of that Institution is required by law to take an account of his admission, &c., the beginning and end of his term is always fixed and certain.

WRIT OF ERROR to the Criminal Court of Baltimore City.

The plaintiff in error was indicted at the January Term, 1867, of the Criminal Court of Baltimore city, for the murder of William H. Peregoy; he was tried at the following May Term, and the jury rendered a verdict of "not guilty of the felony and murder charged, but guilty of manslaughter," and the Court thereupon sentenced him to "serve and labor in the Penitentiary for the period of ten years."

A writ of error was sued out by the traverser. The error assigned, was the failure by the Court, in pronouncing sentence, to specify the date at which the service of the convict in the Penitentiary was to begin or end.

The cause was argued before BARTOL, C. J., GRASON, MILLER and ALVEY, J.

*A. M. Rogers,* for the plaintiff in error.

*Isaac D. Jones,* (Attorney General,) for the State.

GRASON, J., delivered the opinion of the Court.

This case comes before this Court upon a writ of error to the Criminal Court of Baltimore, and it is alleged that there

is error in the judgment of that Court in this, that it does not particularly designate the day on which the execution of the judgment is to commence or terminate.

The judgment is, that "the said Samuel Clifford serve and labor in the Penitentiary for the period of ten years." It was contended that, as the judgment was uncertain in consequence of its not having fixed the time, at which the execution was to commence or end, the judgment is void, and that the plaintiff in error is consequently entitled to be discharged. It is perfectly clear that the judgment of the Court below, imposed upon the plaintiff in error for the crime of which he was convicted, confinement in the Penitentiary for the period of ten years. It is equally clear that the judgment could not be executed according to its terms, unless the party actually served and labored *in the Penitentiary* during the whole time named in the judgment. The execution of judgments, in criminal cases, cannot in all cases take place immediately after the judgments are pronounced, inasmuch as the Courts having criminal jurisdiction are held, in some instances, in parts of the State, distant from the city of Baltimore, in which the Penitentiary is situated, and more or less time must be occupied after the judgments are rendered, in removing the convicts to the institution in which they are to be confined.

Against the position that execution of judgments in criminal cases commence with the delivery of the convicts at the penitentiary, it was urged that the sheriffs might keep parties who had been sentenced, in their custody for some time after judgment, before taking them to the Penitentiary; the effect of which would be to prolong their imprisonment. The answer to this argument is that the Code, Art. 88, sect. 32, provides that "every person, convicted in any Court of this State and sentenced to undergo confinement in the Penitentiary, shall as soon as possible after conviction, be safely removed by the sheriff of the county, where such conviction took place, and at the expense of the county, to the Peniten-

tiary; and every sheriff failing to comply with the provisions of this section shall forfeit one thousand dollars."

A reasonable time, taking into consideration the distance from the Penitentiary and the time required to reach it, must be allowed for the removal of convicts to that institution, and it is evident that the Legislature supposed that the penalty imposed upon sheriffs for any neglect of duty in this respect, would effectually prevent any unreasonable or unnecessary delay.

In this case the plaintiff in error was tried and convicted in the Criminal Court of Baltimore, and as it is stated in the record, after a recital of the judgment, that he "was thereupon committed to the Warden of the Penitentiary," the inference is clear that he was immediately removed to the Penitentiary. The Warden of that institution is required by section 71 of Article 73 of the Code, upon the admission of all convicts, to take their height, name, &c., and the term of confinement; so that the commencement and termination of the term of confinement of each convict is fixed and certain. There can, therefore, be no doubt or uncertainty as to the time of the commencement or termination of the term for which the plaintiff in error was sentenced to the Penitentiary. There was, therefore, no error in the judgment of the Court below, and it must be affirmed.

*Judgment affirmed.*

(Decided 4th June, 1869,)